UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 09-10264-EFH |
| ) | |
| JOSEPH L. VASAPOLLO, JR., ) | |
| Defendant. ) | |

## FINAL ORDER OF FORFEITURE

**HARRINGTON, D.J.,**

WHEREAS, on September 10, 2010, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging Joseph L. Vasapollo, Jr. (the "Defendant"), with Attempted Extortion Under Color of Official Right, in violation of 18 U.S.C. § 1951 and 2 (Counts One through Three), and Federal Program Bribery, in violation of 18 U.S.C. § 666 (a)(1)(B) and 2;

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon the Defendant's conviction of the offenses in violation of 18 U.S.C. § 1951, alleged in Counts through Three of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to such violations;

WHEREAS, the Indictment further provided that, if the property described as being forfeitable to the United States, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the

Defendant, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on February 2, 2010, the Defendant pled guilty to Counts One through Four of the Indictment;

WHEREAS, during the hearing held pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant admitted that, while serving as the Superintendant of Buildings for the city of Brockton, he accepted $4,000 in exchange for approval of work performed by a contractor for the city, in violation of 18 U.S.C. 1951 and 666;

WHEREAS, on April 28, 2010, the Court sentenced the Defendant to twelve months and one day incarceration, to be followed by a term of twenty-four months supervised release and ordered the Defendant to pay a $400.00 Special Assessment and the forfeiture of $4,000.00 in United States currency to the United States;

WHEREAS, by agreement of the parties, on May 10, 2010, the Defendant delivered a personal check, made payable to the United States Marshals Service in the amount of $4,000.00 in United States currency (the "Currency"), to the United States in full satisfation of his forfeiture obligation; and

WHEREAS, by virtue of the Defendant's guilty plea and based on his admissions during the Rule 11 hearing and the Court's determination at sentencing, the United States now is entitled to forfeiture of the Currency pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), and Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Currency, and it is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853, as incorporated in 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

3. The United States Marshals Service shall take custody of the Currency, and shall dispose of it according to law and this Order.

DONE AND ORDERED in Boston, Massachusetts, this 27 day of May, 2010.

EDWARD F. HARRINGTON
Senior United States District Judge

3